JOSE ROSCIANO
2613 S Orange
Mesa, Arizona 85210
480-813-9270

Plaintiff Pro Se

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JOSE ROSCIANO<br><br>    Plaintiff,<br><br>vs.<br><br>EXPERIAN, a corporation; EXPERIAN d/b/a NCAC, a corporation; EXPERIAN INFORMATION SOLUTIONS, INC., a corporation; MIDLAND FUNDING, a corporation; MIDLAND CREDIT MANAGEMENT, INC., a corporation; T-MOBILE USA, Inc., a corporation;<br><br>    Defendants. | No. __ CV-14-02102-PHX-NVW |

COMPLAINT

Federal Question; Fair Credit Reporting Act, 15 U.S.C. 1681, et seq.

1. The plaintiff brings this action for damages based upon Defendant's violation of the Fair Credit Reporting Act, 15 U.S.C. 1681 et seq. (hereinafter referred to as the "Act"). Plaintiff seeks actual damages, punitive damages, costs and attorney's fees.

JURISDICTION

2. Jurisdiction of this court is conferred by 15 U.S.C. 1681p.

3. Plaintiff is a natural person and is a resident and a citizen of the State of Arizona and of the United States. He is a "consumer" as defined by 1681a of the Act.

4. The defendant Experian, Experian d/b/a NCAC, Experian Information Solutions, Inc., collectively, "Experian" is a corporation incorporated under the laws of Delaware. It has its principal place of business in Arizona.

1

5. Defendant Experian is a consumer reporting agency as defined in Sec 1681f of the Act, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in Sec 1681a(d) of the Act, to third parties.

6. Defendant Experian dispenses such consumer reports to third party subscribers under the contract for monetary compensation.

7. Defendants Midland Funding and Midland Credit Management, Inc., (hereafter collectively, "Midland") were and are collection agencies; upon information and belief, they are the successors in interest, or assignees of defendant T-Mobile USA, Inc., with respect to the debt which is the subject of this action.

8. Defendant T-Mobile USA, Inc., was and is a corporation duly organized and subsisting under the laws of Washington.

9. The defendants individually or collectively did cause the events to occur in the State of Arizona which gave rise to plaintiff's complaint.

## FIRST CAUSE OF ACTION

10. Plaintiff purchased two T-Mobile phones and signed up for T-Mobile phone service at a Tempe, Arizona, T-Mobile store on or about October 16, 2011.

11. It developed that for reasons not here material that the phone service could not be had at his location and point of expected use, his home.

12. Plaintiff opted to return the phones and cancel the service at T-Mobile.

13. T-Mobile then informed plaintiff that the phone return would entail a restocking charge.

14. The original transaction for the phones (not the service) cost out of pocket at the time $116.00; the restocking charge would leave plaintiff with only a $23 refund.

15. Not only is this restocking charge not announced as to dollar amount in the T-Mobile contract, it is absolutely unreasonable in amount given the size of the initial transaction.

16. Plaintiff then decided that he would simply keep the phones but cancel the service.

17. T-Mobile refused to do that; that is, it would not cancel the service without taking the

phones back, thus occasioning the huge restocking charge; alternatively, he could not keep just the phones without the service.

18.    At the time of this transaction, plaintiff had excellent credit.

19.    Since he could not keep the phones without the service, and in an effort to avoid the restocking charge, plaintiff kept the phones and cancelled the service anyway, i.e., he did not pay for it the service he cancelled; since all of the foregoing happened in the space of a day, he was restored, upon application to his former phone service carrier (Cricket).

20.    The tying of the phone purchase to the phone service was and is illegal under the law, and alternatively, a tying arrangement not explained to plaintiff at time of purchase.

21.    When plaintiff did not pay for the service he cancelled, defendants reported same upon his credit derogatively.

22.    Plaintiff demanded correction of his credit by defendant credit reportage services, and to place of record in their files his explanation and denial of unwarranted delinquency and the non-existent service purchase so as to advise all parties inquiring of his credit that a dispute exists should this transaction with T-Mobile result in an adverse notation or entry upon his credit.

23.    Defendant reporting service reported the event derogatorily notwithstanding the letter and facts of the matter and did not disseminate the explanatory letter to inquirers of this credit.

24.    Upon credit protest, defendant reporting service did not carry out its duty to verify the correctness of the derogatory credit reference, and did not verify it with the original creditor, T-Mobile.

25.    As a result of the derogatory reference, plaintiff's credit score has lowered and he has had to pay higher rates of interest in commercial and personal credit transactions than he would have had to pay.

26.    In the entire course of its actions, defendant credit reporting service willfully and/or negligently violated the provisions of the Act in the following respects:

   a.    By willfully and/or negligently failing, in the preparation of the consumer report concerning plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report.

3

   b.   By willfully and/or negligently failing to disclose the nature and substance of all information in its files on the plaintiff at the time of the request, in violation of Sec. 1681g(a)(1) of the Act.

   c.   By willfully and/or negligently failing to delete incomplete and inaccurate information in plaintiff's file after conducting a reinvestigation, in violation of Sec 1681i(a) of the Act.

   d.   By willfully and/or negligently failing to contact the sources suggested by plaintiff during the reinvestigation, and obliged by law, in violation of Sec. 1681i(a) of the Act.

   e.   By willfully and/or negligently failing to provide subsequent users of the report with the plaintiff's statement of dispute or a summary thereof, in violation of Sec. 1681i© of the Act.

## SECOND CAUSE OF ACTION

27.   Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 26 with like effect as if fully repeated herein.

28.   Defendant user willfully and/or negligently violated the provisions of the Act in the following respects:

   a.   By willfully and/or negligently failing to describe in its notice to the plaintiff that an investigative report is one which would include information as to plaintiff's character, general reputation, personal characteristics, and mode of living, in violation of Sec. 1681d(a)(1) of the Act.

   b.   By willfully and/or negligently failing to maintain reasonable procedures to assure compliance with Sec. 1681d(a)(1) of the Act in regard to providing consumers with disclosures that investigative reports include information as to plaintiff's character, general reputation, personal characteristics and mode of living.

   c.   By willfully and/or negligently failing to disclose to plaintiff his right to request additional disclosures of the nature and scope of the investigation, in violation of Sec. 1681d(a)(1) of the Act.

   d.   By willfully and/or negligently failing to maintain reasonable procedures to assure compliance with Sec. 1681d(a)(1) of the Act in regard to disclosing to consumers their rights to request additional disclosures of the nature and scope of the investigation.

4

PRAYER FOR RELIEF

THEREFORE, plaintiff prays that the court grant:

a) Actual damages in the amount of $5,000 as to his First Cause of Action;

b) Punitive damages in the amount of $50,000 as to his First Cause of Action;

c) Actual damages in the amount of $5,000 as to his Second Cause of Action;

d) Punitive damages in the amount of $50,000 as to his Second Cause of Action;

e) Attorney fees and costs.

f) Such other relief as is just and proper in the premises.

Dated this 18 day of Sept, 2014.

_____
JOSE ROSCIANO
Pro Se

VERIFICATION

STATE OF ARIZONA        )
                        ) ss.
County of Maricopa      )

JOSE ROSCIANO, being first duly sworn, upon his oath, deposes and states that he is the plaintiff herein; that he has read the foregoing pleading and knows the contents thereof and the matters and things stated therein are true to his own knowledge, except as to those matters stated therein upon information and belief, and as to the exact amount of damages, and as to those matters he believes them to be true.

_____
JOSE ROSCIANO

SUBSCRIBED AND SWORN to before me this 18 day of September, 2014.

_____
Notary Public

MY COMMISSION EXPIRES:

6-9-2018

ELIZABETH REYES
Notary Public - State of Arizona
MARICOPA COUNTY
My Commission Expires
June 9, 2018

5