**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Rosciano,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>Experian, et al.,<br><br>　　　　　　　　Defendants. | No. CV-14-02102-PHX-NVW<br><br>**ORDER** |

　　　　Before the Court are Defendant Midland's Motion to Dismiss Plaintiff's Complaint Under Rule 12(b)(6) (Doc. 23), the Response (Doc. 33) and the Reply (Doc. 38). For the reasons that follow, the Motion will be granted with leave to amend.

　　　　Plaintiff's Complaint (Doc. 1) alleges he purchased two T-Mobile phones and accompanying service on October 16, 2011, but attempted to rescind his purchases after discovering that he could not receive reception at his home. Doc. 1 at 2. Defendant T-Mobile USA, Inc. allegedly informed Plaintiff that return of the phones would incur a "restocking charge" and that he could not cancel his service unless he also returned the phones. *Id.* at 2-3. When Plaintiff retained the phones without paying for the service, "defendants reported same upon his credit derogatively." *Id.* at 3. Plaintiff then instituted this action in September 2014, alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., by (1) T-Mobile USA, Inc., (2) Experian, a "consumer reporting agency as defined in Sec 1681 of" the FCRA, and (3) Midland Funding and Midland Credit Management, Inc., "collection agencies" that "are the

successors in interest, or assignees of defendant T-Mobile USA, Inc., with respect to the debt which is the subject of this action." *Id.* at 1-2. According to the Complaint, Plaintiff asked "defendant credit reportage services" to correct his credit report and insert a letter in his file explaining that he contested the alleged delinquency arising out of failure to pay for his phone service. *Id.* at 3. Despite this request, Plaintiff alleges that "Defendant reporting service" continued to issue negative credit reports, "did not disseminate the explanatory letter to inquirers of [his] credit," "did not carry out its duty to verify the correctness of the derogatory credit reference," and "did not verify it with the original creditor, T-Mobile." *Id.* As a result, Plaintiff's credit score has allegedly declined, forcing him to pay higher interest rates in commercial and personal transactions. *Id.*

Defendants Midland Funding, LLC and Midland Credit Management, Inc. (together, "Midland") filed the instant Motion on November 14, 2014, seeking dismissal of the Complaint on the grounds that Plaintiff has failed to state a claim against Defendant Midland under the FCRA. When considering a motion to dismiss, a court evaluates the legal sufficiency of the plaintiff's pleadings. Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To avoid dismissal, a complaint need include "only enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). On a motion to dismiss under Rule 12(b)(6), all allegations of material fact are assumed to be true and are construed in the light most favorable to the non-moving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, the principle that a court accepts as true all of the allegations in a complaint does not apply to legal conclusions or conclusory factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, Plaintiff's Complaint contains two causes of action. The first charges "defendant credit reporting service" with violations of 15 U.S.C. §§ 1681g(a)(1), 1681i(a), (c). Doc. 1 at 3. The Complaint does not explain to whom "defendant credit

reporting service" refers, but the Court assumes Plaintiff intends these allegations against Defendant Experian, which he earlier describes as a "consumer reporting agency." *Id.* at 2. The first cause of action therefore fails to state a claim against Defendant Midland. But even if "defendant credit reporting service" refers to Defendant Midland, Plaintiff's Complaint is still deficient. Section 1681g(a)(1) imposes disclosure requirements on "consumer reporting agenc[ies]," which the FCRA defines as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681a(f). As a debt collector, Defendant Midland clearly does not fit this description, and Plaintiff has not made any allegation to that effect. Likewise, sections 1681i(a) and 1681i(c) describe the obligations only of consumer reporting agencies, not of debt collectors. *See* 15 U.S.C. §1681i(a), (c); *Showalter v. Chase Manhattan/Providian*, No. C 05-00548 WHA, 2005 U.S. Dist. LEXIS 45465, at *8 (N.D. Cal. Aug. 19, 2005) ("Section 1681i(a) pertains only to the duties and liabilities of consumer reporting agencies."). The Complaint's first cause of action therefore does not contain "a cognizable legal theory" as to Defendant Midland. *Balistreri*, 901 F.2d at 699.

The second cause of action, which accuses "Defendant user" of violating 15 U.S.C. § 1681d(a)(1), fares no better. That statutory provision forbids "[a] person" to "procure or cause to be prepared an investigative consumer report on any consumer" without first making certain disclosures. 15 U.S.C. § 1681d(a)(1). Once again, the identity of this cause of action's particular defendant is unclear from the Complaint. But even assuming "Defendant user" refers to Defendant Midland, Plaintiff has not stated a claim against Defendant Midland, as the Complaint contains no allegation that Defendant Midland "procure[d] or cause[d] to be prepared an investigative consumer report" on Plaintiff. Instead, the Complaint appears to allege only that Defendant Midland is a

- 3 -

"furnisher" of credit information, i.e., "one who provides credit information to consumer reporting agencies." *Arikat v. JP Morgan Chase & Co.*, 430 F. Supp. 2d 1013, 1023 (N.D. Cal. 2006) (citing *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059-60 (9th Cir. 2002)). But a "furnisher is liable under the FCRA only if it does not respond to a formal notice of consumer dispute from a *consumer reporting agency*." *Id.* at 1023-24 (emphasis added) (citing 15 U.S.C. §§ 1681s-2, 1681i(a)(2); *Nelson*, 282 F.3d at 1060). That is, "[a] private right of action exists under 15 U.S.C. § 1681s-2(b) only if the consumer informs a credit reporting agency of incorrect information on the consumer's credit report and then the furnisher of the information, upon receipt of notice from the *credit reporting agency*, fails to conduct a reasonable investigation and report back to the credit reporting agency." *Virgen v. Mae*, No. CIV S-06-0341 FCD DAD PS, 2007 U.S. Dist. LEXIS 37509, at *23-34 (E.D. Cal. May 23, 2007) (emphasis added). Nowhere does the Complaint allege that Defendant Midland failed to conduct a reasonable investigation of Plaintiff's debt after being informed of his dispute by Defendant Experian.

Plaintiff seeks to avoid dismissal of his Complaint by claiming that Defendant Midland acted "in concert" with Defendant Experian and was therefore a "co-conspirator" in Defendant Experian's alleged violations of the FCRA. Doc. 33 at 3. Even assuming this theory was pled in the Complaint,[1] Plaintiff has cited—and the Court has found—no case law suggesting that FCRA liability may be premised on "principles of agency." Doc. 33 at 4. Indeed, *Arikat*, *Virgen* and *Nelson* make clear that a plaintiff may sue a "furnisher" of credit information under the FCRA only in the limited circumstances described in those cases, which are not present here. Accordingly, Plaintiff's Complaint fails to state a claim against Defendant Midland.

Plaintiff has provided the Court no reason to believe he could state a claim against Defendant Midland if allowed to amend his Complaint. Nevertheless, because Plaintiff is

---

[1] Paragraph 9 of the Complaint alleges that the "defendants individually or *collectively* did cause the events to occur in the State of Arizona which gave rise to plaintiff's complaint." Doc. 1 at 2 (emphasis added).

proceeding *in propria persona*, and because he has filed only one complaint to date, Plaintiff will be granted leave to file an amended complaint no later than January 30, 2015.

IT IS THEREFORE ORDERED that Defendant Midland's Motion to Dismiss Plaintiff's Complaint Under Rule 12(b)(6) (Doc. 23) is granted with leave to amend by January 30, 2015. If by that date Plaintiff has not filed an amended complaint, Defendant Midland's motion will be granted with prejudice.

Dated this 13th day of January, 2015.

Neil V. Wake
United States District Judge