**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Rosciano, | No. CV-14-02102-PHX-NVW |
| Plaintiff, | **ORDER** |
| v. | |
| Experian, et al., | |
| Defendants. | |

Before the court is Defendant Midland's Motion to Dismiss Plaintiff's Amended Complaint Under Rule 12(b)(6) (Doc. 47).  Plaintiff has not filed a response.

The court previously granted Midland's original motion to dismiss, finding that Plaintiff had failed to state a claim upon which relief can be granted as against Midland. (Doc. 39.)   Because Plaintiff is proceeding *in propria persona*, however, the court granted Plaintiff leave to amend his complaint.  The First Amended Complaint (Doc. 43), filed February 17, 2015, fails to correct the defects in Plaintiff's original Complaint (Doc. 1).  As they did in the original Complaint, Plaintiff's first two causes of action still either rely on facts that Plaintiff has not pled or seek damages under statutory provisions inapplicable to a debt-collector defendant such as Midland.   Alleging that the three defendants Plaintiff has named were acting "in concert" (Doc. 43 at 4) does not cure this deficiency, as the court has previously explained.  (Doc. 39 at 4.)  And even assuming T-Mobile violated the Fair Credit Reporting Act by reporting on his credit negatively,

1   Plaintiff has cited no authority for the view that Midland assumed responsibility for that
2   conduct through its subsequent purchase of Plaintiff's debt to T-Mobile.

3          The First Amended Complaint adds a third cause of action alleging, in its entirety,
4   "By reason of foregoing, defendant has caused plaintiff's credit to be wrongly reported
5   and slandered, all to his proximate cause and damages." (Doc. 43 at 5.)  It is not clear to
6   whom the "defendant" in the third cause of action refers.  But even if it refers to Midland,
7   Plaintiff has failed to state a claim.  To prevail on a cause of action for slander, a plaintiff
8   must show that the defendant made a false and defamatory statement, that the statement
9   was published to a third party, and that the defendant was at fault, which "may consist of
10  knowledge of falsity, reckless disregard of truth or falsity, or negligence."  *See Boswell v.*
11  *Phx. Newspapers*, 152 Ariz. 1, 3 & n.1, 730 P.2d 178, 180 & n.1 (Ct. App. 1985)
12  (citations omitted).  Here, the First Amended Complaint nowhere alleges that Midland
13  made any statements about Plaintiff, much less false and defamatory statements that were
14  published to a third party with fault.  Plaintiff claims that "defendants reported [his
15  failure to pay] upon his credit derogatively" and "[d]efendants . . . reported the event
16  derogatorily notwithstanding the letter and facts of the matter." (Doc. 43 at 3 (ellipsis in
17  original).)  But this kind of collective, unspecified pleading is insufficient to state a claim.
18  And in any event, these allegations appear in Plaintiff's first cause of action, which
19  asserts violations of statutory provisions that cannot apply to Midland.  Plaintiff has
20  failed to state a claim upon which relief can be granted.

21         IT IS THEREFORE ORDERED that Defendant Midland's Motion to Dismiss
22  Plaintiff's Amended Complaint Under Rule 12(b)(6) (Doc. 47) is granted.  The Clerk
23  shall terminate this case as against Defendant Midland.

24         Dated: April 1st, 2015.

25

26                                                    _____
                                                              Neil V. Wake
27                                                     United States District Judge

28